**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES MASON,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF DEFENSE; DEFENSE COMMISSARY AGENCY,<br><br>Respondents. | No. 19-72488<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Merit Systems Protection Board

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Charles Mason petitions pro se for review of the Merit Systems Protection Board's ("MSPB") dismissal of his appeal in his individual right action alleging violations of the Whistleblower Protection Act. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(B). We will set aside the MSPB's actions, findings, or

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conclusions only if they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We deny the petition.

The MSPB properly dismissed Mason's appeal as barred by res judicata. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006) (dismissal with prejudice is a final judgment on the merits); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (elements of res judicata); *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) ("By obtaining [a voluntary dismissal with prejudice], the plaintiff submits to a judgment that serves to bar his claims forever[.]").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The MSPB's untimely motion for leave to intervene (Docket Entry No. 11) is denied as unnecessary.

**PETITION DENIED.**

19-72488